IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEWART M. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-00726 (AJT/TCB) |
| ) | |
| JOHN KERRY, *Secretary, United States* ) | |
| *Department of State*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In this action, the plaintiff, Stewart Smith, appearing *pro se*, ("Plaintiff") claims that he was discriminated against because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§12112. Presently pending is Defendant's Motion for Summary Judgment [Doc. No. 8]. For reasons stated herein, the Court concludes that Defendant's Motion for Summary Judgment will be GRANTED.[1]

I. Background

Beginning in December, 2007, Plaintiff worked as a transit security technician in the Department of State's Bureau of Diplomatic Security, Physical Security Division (the "Agency") under a personal services contract that ran for one year, with the option to renew. According to Plaintiff's Complaint, his performance was evaluated at a level of average or higher from 2008 to 2010; his contract was renewed each year. Complaint at p. 6-7. Plaintiff alleges that he began experiencing trouble with his employer on October 1, 2010 when he was "summoned and questioned" by his supervisor regarding Plaintiff's request to schedule a rest stop, rather than fly

---

[1] By order dated October 24, 2014, the Court determined that oral argument would not aid the decisional process, and for that reason, the Court considered the Motion without oral argument [Doc. No. 18].

1

direct, to Islamabad for an upcoming project. Cmpl at 3. Plaintiff alleges that after informing his supervisor that "he has a difficult time being in confined places for long periods of time" because of his claustrophobia, his supervisor requested, and Plaintiff provided, a letter from a doctor to document the disability. *Id.* Plaintiff supplied such a letter from a board certified psychiatrist on October 19, 2010, *id.* at 4, and his supervisor approved a one-day layover in Germany en route to Islamabad. Doc. No. 9-1 at 393 (EEO Investigative Affidavit). On November 22, 2010, a week after Plaintiff returned from Pakistan, he was given notice by the Agency that it did not intend to renew his contract. *See* Cmpl. at 5.

Plaintiff filed a discrimination complaint with the Agency and after exhausting his administrative remedies, [2] Plaintiff filed this action on June 12, 2014, alleging discrimination by his employer in violation of the ADA and retaliation.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958–59 (4th Cir.1996). The party seeking

---

[2] On January 24, 2011, Plaintiff filed a complaint with the Agency's Office of Civil Rights, alleging that his non-renewal was due to his disclosure of claustrophobia. Cmpl. at 6. The claim was investigated from January 25, 2011 until April 29, 2011, following which Plaintiff received a Report of Investigation (ROI) and a notice of rights. Doc. No. 9-5 at 5-6 (Final Agency Decision). On June 15, 2011, Plaintiff elected to proceed to hearing before the Equal Employment Opportunity Commission (EEOC), but subsequently withdrew his request for the hearing. On May 17, 2012, the EEOC dismissed the case and remanded it to the Agency for a final decision. *Id.* The Agency issued its final decision on July 26, 2012, concluding that "[a]ssuming without so finding, that [Plaintiff] articulated a valid *prima facie* case of disability and reprisal discrimination, the Agency has offered legitimate, non-discriminatory reasons for its action. Complainant provided insufficient evidence to show the Agency's reasons for its actions were not pretextual." *Id.* at 9. On August 28, 2012, Plaintiff filed an appeal of the Final Agency Decision to EEOC's Office of Federal Operations (OFO). On March 13, 2014, the OFO affirmed the Agency's Final Decision, finding that "a preponderance of the evidence does not establish that discrimination existed as alleged." Doc. No. 9-6 at 4 (EEOC Decision).

summary judgment has the initial burden to show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Id.* at 255; *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 642 (4th Cir.2007).

### III. Analysis

"[I]n a typical discharge case brought under the ADA, a plaintiff must prove by a preponderance of the evidence that (1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995). If a plaintiff succeeds in proving a prima facie case of discrimination, the burden shifts to the employer to present a legitimate, non-discriminatory reason for its employment action. The plaintiff must then show that the given reason was pretext. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "The plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her." *Evans, supra*, 80 F.3d at 959.

Plaintiff has not presented facts sufficient to raise a triable issue of fact with respect to whether his contract was not renewed because of any disability. Plaintiff has presented no direct evidence of discriminatory animus. Smith Dep. at 169-170 (testifying that he was not aware of

any statement by any colleague or supervisor referencing his claustrophobia in a derogatory manner or attributing any deficiency in his work performance to his claustrophobia.). He must therefore satisfy the *McDonnell Douglas* burden shifting scheme in order to avoid dismissal in the face of Defendant's motion for summary judgment. He has failed to do so. Most clear is that he has not presented evidence sufficient to establish that at the time of his discharge, he was performing his job at a level that met his employer's legitimate expectations. Rather, the record evidences concerns within the Agency before October 2010 that Plaintiff was unable to work unsupervised. EEO Investigative Affidavit at 394. Plaintiff's Operations Manager reported that before October 2010 he had concerns with Plaintiff's time management, and not completing and sending decent packs in a timely manner. *Id.* at 421. The person responsible for giving Plaintiff his daily work assignments reported that before October 2010 he had concerns with Plaintiff's performance stemming from a project in Shreveport, LA, during which Plaintiff's colleagues had reported to him that Plaintiff's performance was "less than adequate for a job of its sensitivity." *Id.* at 442. The record also includes an August 2009 email from the Transit Security Section Chief and Plaintiff's immediate supervisor, outlining a series of performance issues that he recently discussed with Plaintiff, including "taking USG equipment or information off the job," "his backlog of packages that need to be processed," and his need to "show improvements in abiding by the program standards and bring his work quality up to bar." Doc. No. 9-2. For these reasons, even assuming that Plaintiff could prove a prima facie case of discrimination, the Agency has come forward with non-discriminatory reasons for his discharge; and Plaintiff has not presented any facts from which an inference of pretext can be reasonably inferred. Plaintiff's conclusory assertions concerning claimed inconsistencies in the testimony of various witnesses are not sufficient to establish that the Agency's decision not to renew his contract for performance reasons was a pretext for discrimination.

Plaintiff has likewise not established a prima facie case of retaliation. Plaintiff initiated EEO proceedings (the protected activity) two months *after* he was advised that his contract would not be renewed (the alleged adverse action). *See Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998) ("To satisfy the third element [of a retaliation claim], the employer must have taken the adverse employment action *because* the plaintiff engaged in a protected activity.").

## IV. Conclusion

For the above reasons, the Court finds that there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment will therefore be GRANTED.

The Court will issue an appropriate order.

/s/
_____
Anthony J. Trenga
United States District Judge

November 5, 2014.
Alexandria, Virginia